# SCOTT M. GREEN

### ATTORNEY AT LAW

2590 BRIGHTON-HENRIETTA TOWNLINE RD.
ROCHESTER, NEW YORK 14623

TELEPHONE (585) 546-4419

FAX (585) 232-1160

December 20, 2021

Hon. Brenda K. Sannes
Federal District Court Judge
Federal Building and U.S Courthouse
P.O. Box 7336
Syracuse, NY  13261-7336

   **RE: USA V. Jared Marc Brown**
     **Case No.: 19-CR-00095**

Dear Judge Sannes:

  Please accept this letter as the Defendant, Jared Marc Brown's Memorandum relative to his request to proceed *pro se* in his upcoming trial.

  During the December 14, 2021, status conference, Mr. Brown advised the Court that he wished to proceed to trial without an attorney.  The Court directed your writer to speak with Mr. Bown concerning the pitfalls of representing oneself at trial.

  During the status conference, the Government suggested the Court does not have to grant Mr. Brown's request to act *pro se,* citing  Indiana v. Edwards, 554 U.S. 164 (2008).  The Court requested that the parties prepare a Memorandum regarding whether the Court has the power to require the appointment of counsel or to determine what additional questions may be necessary to ask a potential *pro se* defendant relative to self-representation.

  In Edwards, a state trial court judge rejected the defendant's request to represent himself.  The defendant was the subject of three competency hearings and suffered from schizophrenia.  The trial judge, after reviewing the defendant's lengthy psychiatric history, denied his request for self-representation and appointed trial counsel.

  " We ask whether the Constitution permits a State to limit that defendant's self-representation right by insisting upon representation of counsel at trial -  on the ground

Hon. Brenda K. Sannes
December 20, 2021

that defendant lacks mental capacity to conduct his trial defense unless represented.
…Several considerations taken together lead us to conclude that the answer to this
question is yes." Edwards, 554 U.S. at page 174. The Supreme Court concluded that,
"the Constitution permits judges to take realistic account of the particular defendant's
mental capacities by asking whether a defendant who seeks to conduct his own defense is
mentally competent to do so." Edwards, at 177-178.

Courts in this Circuit have interpreted Edwards to mean that "the Sixth
Amendment of the United States Constitution grants a criminal defendant the right to
represent himself in proceedings against him, but that that right is not absolute." Gilbo v.
Artus, 2013 U. S. Dist. LEXIS 5539, 18 (N.D.N.Y. 2013, J. Mordue). "Edwards clarified
that district court judges have discretion to force counsel upon the discrete set of
defendants competent to stand trial but incompetent to represent themselves. It does not
mandate two separate competency findings for every defendant who seeks to proceed *pro
se*." United States v. VanHoesen, 450 Fed. Appx. 57, 62 at fn 1 (2d Cir. 2011).

While mental health is a consideration that should be taken into account by the
District Court, the standard for a determination whether to permit a defendant to act *pro
se* has not changed.

"When a criminal defendant gives 'a knowing, voluntary and unequivocal waiver
of one's right to counsel,' the trial court must let them proceed on a *pro se* basis,
regardless of their education, training or legal acumen. Williams v. Bartlett, 44 F. 3d 95,
99 (2d Cir. 1994)." Neree V. Capra, 2020 U.S. Dist. LEXIS 78132, 14 (E.D.N.Y. 2020,
J. Kuntz).

"Nothing in Edwards requires a court to insist upon representation by counsel
where, as here, a *pro se* defendant has been found competent to stand trial and competent
to proceed *pro se*." United States v. Arenburg, 2008 U. S. Dist. LEXIS 60318, 13
(W.D.N.Y. 2008, J. Arcara).

"Before a defendant is permitted to proceed *pro se*, he must be 'warned
specifically of the hazards ahead,' including the 'dangers and disadvantages of self-
representation'. …A waiver of counsel must be knowingly and intelligently made, and
the defendant must be 'able and willing to abide by rules of procedure and courtroom
protocol.' (Citations omitted). Whether there has been an intelligent waiver of counsel is
fact – specific and depends upon the circumstances of the case, 'including the defendant's
education or sophistication, the complex or easily grasped nature of the charge, and the
stage of the proceeding.'" Gilbo v. Artus, at p. 18-19.

A district court may rescind a defendant's request to act pro se if the defendant is
unable to proceed with competence or is unwilling to act appropriately. "[A] trial court

2

Hon. Brenda K. Sannes
December 20, 2021

must always be alert to circumstances suggesting a change that would render the accused
unable to meet the standards of competence to stand trial". VanHoesen, at p. 5.

Even if the defendant was initially found to be competent to proceed *pro se*, that
determination may be rescinded if the "right of self-representation at trial will not affirm
the dignity of a defendant who lacks the mental capacity to conduct his defense without
the assistance of counsel." Neree, at 16. In Neree, the trial court rescinded the
defendant's *pro se* representation where the record showed the defendant engaged in
disruptive behavior.

As an aside, "[a] criminal defendant has no constitutional or statutory right to
represent himself as co-counsel with his own attorney." United States v. Tutino, 883 F.
2d 1125, 1141 (2d Cir. 1989). Further, "a criminal defendant has no Federal or State
constitutional right to hybrid representation." Neree, at p. 19.

Based upon the foregoing, your writer respectfully requests the Court to question
the Defendant concerning his understanding of trial proceedings and his right to an
attorney in order to determine whether he has made a knowing and intelligent waiver of
his right to counsel. Further, the District Court should inquire as to whether the
Defendant will be able to comport himself properly at trial, particularly if the Court were
to rule against him on evidentiary matters. If Defendant is able to answer the above
questions in a manner that this Court believes demonstrates his knowing, voluntary and
unequivocal waiver of his right to counsel, the Defendant should be permitted to proceed
*pro se*.

Respectfully submitted,

Scott M. Green

SMG:kjg

xc:    John Field, AUSA