

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*100 State Street, Suite 500*  (585) 263-6760
*Rochester, New York 14614*  *fax (585) 399-3920*
 *Writer's Telephone (585) 399-3933*
 *John.Field@usdoj.gov*

December 22, 2021

Hon. Brenda K. Sannes
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, NY 13261-7336

    Re:    <u>**United States v. Jared Marc Brown**</u>

Dear Judge Sannes:

    The government submits this letter setting forth its position and concerns regarding defendant's request to represent himself at trial. Considering defendant's mental health issues and long history of disruptive behavior, the government believes that the Court would be well within its discretion to deny defendant's request to proceed *pro se* and insist that he be represented by counsel. Alternatively, at a minimum, the government respectfully asks that the court appoint stand-by counsel with the expectation that stand-by counsel will be prepared to assume immediate and seamless responsibility for the defense at trial, in the event that becomes necessary.

    In *Indiana v. Edwards*, 554 U.S. 164 (2008), the Supreme Court concluded that the question of whether a mentally ill defendant is competent to stand trial is separate from the question of whether the defendant is competent to conduct a trial. In so ruling, the Court held that

> the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.

*Id.* at 177-178. The Court noted that mental illness "itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways." *Id.* at 175. The Court quoted with approval an *amicus* brief filed by the American Psychiatric Association observing that common symptoms of mental illness, including among others, deficits in sustaining attention and concentration and impaired

expressive abilities, "can impair the defendant's ability to play the significantly expanded role required for self-representation even if he can play the lesser role of represented defendant." *Id.* at 176.

At bottom, the Court rooted its decision in the concept of fairness, writing that "proceedings must not only be fair, they must appear to be fair to all who observe them." *Id.* at 177 (internal quotes and cites omitted). In the special circumstance of a mentally ill but legally competent defendant, the fundamental issue is whether he will receive a fair trial if he is allowed to represent himself. *Id.* The Court recognized that the trial judge "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant." *Id.*

Turning to the specific circumstances of Mr. Brown, the government is concerned that his severe mental illness may prevent a fair trial if he is allowed to represent himself. As reflected in Dr. Coffman's forensic evaluation report for Brown, dated September 8, 2021, defendant routinely engages in disruptive behaviors to control his environment. He has an extensive history of antisocial behaviors and does not recognize basic social norms. His mood is labile. There are concerns about his stability and potential to harm himself. He has been the subject of over 100 suicide watch contacts. He has been restrained numerous times. He has brushed his teeth with feces and smeared feces, all in the reported hope of receiving a reduced sentence. Brown, in short, has consistently and repeatedly engaged in disruptive behaviors pending trial in this case, including attempted suicides (apparently feigned), assaults and batteries, a hunger strike and other misbehaviors.

There is little reason to presume that defendant's long and consistent history of disruptive behaviors will suddenly vanish during a trial. For instance, in the midst of the last videoconference status appearance, defendant abruptly and without explanation got up and walked away. Disruptive behaviors that violate basic courtroom rules of procedure, decorum and protocol are a sufficient basis to deny defendant's request to represent himself. *See, e.g., United States v. Hausa*, 922 F.3d 129, 135-36 (2nd Cir. 2019) (trial court may deny right to act pro se where defendant deliberately engages in serious and obstructionist conduct). Here, where defendant has a demonstrated track record of disruptive behaviors, accompanied by a diagnosis of a serious and apparently intractable mental illness that explains those behaviors, the government believes the Court has the discretion to deny defendant's request to represent himself.

Respectfully submitted,

TRINI E. ROSS
United States Attorney

s/John J. Field

By:   JOHN J. FIELD
Assistant U.S. Attorney

JJF/lmy
cc:  Jared Marc Brown