IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

       -v-                                                                     19-CR-0095 (BKS)

JARED MARC BROWN

            Defendant.
_____

## GOVERNMENT'S CORRECTED CALCULATION OF MAXIMUM SENTENCES AND SENTENCING RANGE RECOMMENDED BY THE GUIDELINES

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and John J. Field, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Superseding Indictment, and pursuant to the suggestion of the Court of Appeals in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentences to which the defendant will be exposed and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

### MAXIMUM SENTENCES ALLOWED BY STATUTE

1.    Counts 1 charges a violation of Title 18, United States Code, Section 871(a) (Threat to the President), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

2. Counts 2 & 4 charge violations of Title 18, United States Code, Section 115(a)(1)(B) (Retaliating Against a United States Judge / Retaliating Against a Federal Law Enforcement Officer), for each of which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

3. Counts 3 charges a violation of Title 18, United States Code, Section 115(a)(1)(A) (Retaliating Against a United States Judge's Immediate Family), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

4. Counts 5, 6 & 7 charge violations of Title 18, United States Code, Section 876(c) (Mailing a Threatening Communication), for each of which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

### ELEMENTS OF THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT

5. If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements with respect to the Counts alleged in the Superseding Indictment:

### Count 1

First: that on or about March 25, 2019, the defendant mailed *or* wrote the words alleged in the indictment to be a threat to kill or to inflict bodily harm upon the President of the United States;

Second: that the words were in fact a threat; and

Third: that the defendant made the threat knowingly and willfully.

### Counts 2 & 4

First: that on or a out March 25, 2019, the defendant threatened to assault or murder **[for Count 2]** United States District Court Judge Lawrence J. Vilardo **[for Count 4]** United States Secret Service Special Agent Vincent Merlino;

Second: that at the time of the alleged threat [Judge Lawrence J. Vilardo] / [Special Agent Vincent Merlino] was a federal official; and

Third: that the defendant acted with the intent to impede, intimidate, or interfere with that official with the intent to retaliate against that official on account of the performance of his official duties.

### Count 3

First: that on or about March 25, 2019, the defendant threatened to assault or murder United States District Court Judge Lawrence J. Vilardo's spouse;

Second: that at the time of the alleged threat, United States District Court Judge Lawrence J. Vilardo was a federal official; and

Third: that the defendant acted with the intent to retaliate against that official on account of the performance of his or her official duties.

### Counts 5-7

First: that the defendant threatened to injure any person, as charged in the Indictment;

Second: that the defendant deposited or caused to be deposited in the mail for delivery by the United States Postal Service the communication containing the threat;

Third: that the defendant mailed the threat knowingly; and

Fourth: that the threat was addressed to a federal judge or a law enforcement officer.

## SENTENCING GUIDELINES CALCULATIONS

6. The government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

7. Guidelines § 2A6.1(a) applies to the offenses of conviction and provides for a base offense level of 12.

8. Pursuant to Guidelines § 2A6.1, Application Note 3, multiple counts involving a threatening communication to the same victim are grouped together under Guidelines § 3D1.2, but multiple counts involving different victims are not grouped together.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The following specific offense characteristic does apply to the offenses of conviction in **Counts 1-6**:

   a. the 2-level increase pursuant to Guidelines § 2A6.1(b)(2)(A) [the offense involved more than two threats].

10. The following specific offense characteristics do apply to the offense of conviction in **Count 7**:

   a. the 2-level increase pursuant to Guidelines § 2A6.1(b)(2)(A) [the offense involved more than two threats]; and

   b. the 4-level increase pursuant to Guidelines § 2A6.1(b)(4)(a) [the offense resulted in substantial disruption of government and public functions].

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

11. The following adjustment to the base offense levels does apply to the offenses of conviction in **Counts 1-7**:

   a. the 6-level increase of Guidelines § 3A1.2(b) (official victim).

## ALL COUNTS – COMBINED ADJUSTED OFFENSE LEVEL

12. Count 7 is the Group with the highest adjusted offense level (specifically, an adjusted offense level of 24).

13. There 4 additional Groups, that is Count 1 (threat against the President), Count 2 (threat against Judge Vilardo), Count 3 (threat against Judge Vilardo's spouse), and Count 4 (threat against Special Agent Merlino) with an adjusted offense level that is from 1 to 4 levels less serious than the highest adjusted offense level (specifically, adjusted offense levels of 20).

14. Based on the foregoing, and considering Guidelines § 2A6.1, Application Note 3, pursuant to Guidelines § 3D1.4, there is a four-level increase to highest the adjusted offense level, resulting in a combined adjusted offense level of 28.

## ACCEPTANCE OF RESPONSIBILITY

15. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense, a 2-level decrease pursuant to Guidelines § 3E1.1 is warranted, resulting in a combined adjusted offense level of 26.

## CRIMINAL HISTORY CATEGORY

16.     The defendant's criminal history category is VI.

## SENTENCING RANGE

17.     Based upon the calculations set forth above, with a total offense level of 26 and criminal history category of VI, the Guidelines recommend a sentencing range 120-150 months, a fine of $20,000 - $200,000, and a period of supervised release of 1 to 3 years.

18.     The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government.  Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing. Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range. Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

19.     This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to

apply in this case. The sentence to be imposed upon the defendant will be determined solely by the Court. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

DATED:	March 23, 2022
	Rochester, New York

                             TRINI E. ROSS
                             United States Attorney

BY:	s/ JOHN J. FIELD
	Assistant United States Attorney
	United States Attorney=s Office
	Western District of New York
	100 State Street, Suite 500
	Rochester, New York   14614
	585/399-3900
	John.Field@usdoj.gov

7