IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                           19-CR-0095-BKS

JARED MARC BROWN

            Defendant.

_____

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the revised Presentence Investigation Report ("PSR") submitted by the United States Probation Department on or about July 21, 2022. The government has no objection to and adopts the findings of the PSR

Taking into consideration the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully requests a sentence within the guidelines range in this case. Specifically, the government requests a sentence of 125 months' imprisonment. Taking into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant, a 125-month sentence is sufficient but not greater than necessary to accomplish the purposes set forth in Title 18, United States Code, Section 3553(a).

The facts of this case, as established by the witnesses and evidence at trial, clearly demonstrate the seriousness of the offense and the appropriateness of a lengthy sentence. The defendant sent three threatening letters that are the basis of his conviction, including detailed,

gruesome threats made against a Secret Service Agent and a Federal District Court Judge and their families as retaliation for their involvement in the investigation and sentencing of a prior case. Additionally, he sent a powdery substance he claimed was Anthrax in the last letter, terrifying the mail clerk who opened the envelope and triggering a significant emergency response at the Federal Courthouse in Buffalo, New York, where it was received. Not only did the defendant describe in detail what he planned to do to his targets, but he reiterated his intent to carry out his threats when agents interviewed him about the first letter. He plainly stated that he meant the threats, and that when he got out of jail, he would carry them out, detailing exactly how he would do so. It was clear from the recording of that interview that the defendant knew the threats were wrong, he intended to act on those threats, and he had no remorse. Incarceration is the only way to protect the public, and the defendant's targets, from the defendant.

Additionally, the history and characteristics of the defendant, as detailed in the PSR, support a sentence of 125 months. The defendant's criminal history is so extensive that his criminal history score is 21 – nine points more than where criminal history scoring maxes out at 13 points/category VI under the United States Sentencing Guidelines. Furthermore, the defendant has demonstrated that he will break the law whether incarcerated or not, but a setting of incarceration at least provides a measure of protection to the public, decreases the likelihood of criminal activity, and increases the likelihood of appropriate treatment.

The defendant has proven, time and again, that he will break the law, and he has promised to do so when released. A lengthy term of incarceration is the only way to protect the public from the defendant.

## Special Assessment and Financial Obligations

The defendant is required to pay a $700 special assessment pursuant to 18 U.S.C. § 3013 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due

by personal check, cashier's check or certified funds to the United States District Court Clerk.    It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:        November 14, 2022

> Respectfully submitted,
>
> Trini E. Ross
> UNITED STATES ATTORNEY
>
> By:    KATELYN M. HARTFORD
>        Assistant U.S. Attorney
>        United States Attorney's Office
>        100 State Street, Room 500
>        Rochester, New York 14614

TO:    Hon. Brenda K. Sannes
       James S. Wolford, Esq.
       Jennifer L. Fish, USPO